UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOWELL QUINCY GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 1:22-cv-00353 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint for reasons explained herein.

Plaintiff, a prisoner currently in the custody of the Texas Department of Criminal Justice, sues the United States. Preliminarily, the complaint is not captioned for this court, in contravention of Federal Rule 10(a). Moreover, the complaint is mostly illegible and incomprehensible. To the extent it can be understood, the complaint seemingly takes issue with the determinations in plaintiff's other cases, rendered by various federal trial and appellate courts. He seeks 7.25 million dollars in damages and demands that a federal judge in the United States District Court for the Eastern District of Texas "prove his words under the False Statement." Plaintiff faces several hurdles that he cannot overcome.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted

so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The instant complaint falls within this category. As previously noted, it is rambling, digressive, and disorganized. The intended causes of action are equivocal, and plaintiff fails to set forth allegations with respect to this court's jurisdiction over his entitlement to relief, if any.

Second, the federal government, and its agencies and instrumentalities, is absolutely immune from suit except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, plaintiff has neither pleaded nor established that there has been any waiver to suit for damages.

In this same regard, courts are specifically immune from a damages suit for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). And judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is

immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). More, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Finally, to whatever extent plaintiff seeks to revisit determinations other federal courts, such claims fail for want of jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); s*ee also In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994).

As such, the complaint is dismissed. An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Dated: May 13, 2022